1  Rew R. Goodenow, Esq.
   Nevada Bar No. 3722
2  RGoodenow@parsonsbehle.com
   PARSONS BEHLE & LATIMER
3  50 West Liberty Street, Suite 750
   Reno, NV 89501
4  Telephone: 775.323.1601
   Facsimile: 775.348.7250
5

6  *Attorneys for the Argonaut Insurance Company*

7              **UNITED STATES BANKRUPTCY COURT**
                **FOR THE DISTRICT OF NEVADA**
8

9   In re:                                    Case No.: 23-15619-hlb

10  RAWHIDE MINING LLC,                        Chapter 11

11
                     Debtor.                   *Proposed Joint Administration with*:
12                                                  In re Rawhide Acquisition Holding LLC,
                                                    Case No. 23-15620-hlb
13  Affects All Debtors              ☒

14  Affects Rawhide Mining LLC       ☐
                                               Hearing Date:  December 28, 2023
15  Affects Rawhide Acquisition                Hearing Time:  10:30 a.m.
         Holding LLC                 ☐
16

17       **ARGONAUT INSURANCE COMPANY'S (A) OBJECTION TO EMERGENCY**
        **MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING DEBTORS TO**
18      **OBTAIN POST-PETITION SENIOR SECURED, SUPERPRIORITY FINANCING; (II)**
         **GRANTING LIENS AND SUPER-PRIORITY CLAIMS; (III) MODIFYING THE**
19       **AUTOMATIC STAY; (IV) SCHEDULING INTERIM AND FINAL HEARINGS; AND (V)**
            **GRANTING RELATED RELIEF; AND (B)  RESERVATION OF RIGHTS WITH**
20      **RESPECT TO THE DEBTORS' MOTION UNDER 11 U.S.C. §§ 105(a) AND 362(a) TO (I)**
         **ENFORCE THE AUTOMATIC STAY AND (II) TO EXTEND THE AUTOMATIC STAY**
21                              **UNDER § 105(a)**

22       Argonaut Insurance Company ("Argo"), by and through its undersigned counsel, hereby files

23  this (A) Objection to the Debtors' Emergency Motion for Interim and Final Orders: (I) Authorizing

24  Debtors to Obtain Post-petition Senior Secured, Superpriority Financing; (II) Granting Liens and

25  Superpriority Claims; (III) Modifying the Automatic Stay; (IV) Scheduling Interim and Final

26  Hearings; and (V) Granting Related Relief [Dkt. No. 22] (the "DIP Motion");[1] and (B) Comment and

27

28  _____
        [1]      Capitalized terms used herein and not otherwise defined have the same meanings
    ascribed to them in the DIP Motion.

                                           1

Reservation of Rights with respect to the Debtors' Motion under 11 U.S.C. §§ 105(a) and 362(a) to (I) Enforce the Automatic Stay and (II) to Extent the Automatic Stay under § 105(a) [Dkt. No. 10] (the "Stay Relief **Motion**").[2] In support hereof, Argo states the following:

## ARGONAUT'S RELATIONSHIP TO THE DEBTORS

1.    Argo issued Surface Management Surety Bond No. SUR0008068 (the "Bond") naming Rawhide Mining, LLC ("Rawhide"), as principal, and the United States of America, as obligee, in the amount of $14,927,566. Argo issued the Bond as consideration for the execution and delivery by Rawhide, and certain non-Debtors (collectively, the "Indemnitors") of a certain General Agreement of Indemnity dated July 21, 2015, as modified by a Modification to General Indemnity Agreement dated October 18, 2016, and as modified by a Modification to General Indemnity Agreement dated October 19, 2016 (collectively, the "Indemnity Agreement"). The Indemnitors' obligations to Argo under the Bond and the Indemnity Agreement were secured by cash in Argo's possession and control in the amount of $8,554,957.24, and liens in other collateral described in the Indemnity Agreement[3] (collectively, the "Argo Collateral").

## RAWHIDE'S MINING PERMIT AND THE ARGO BOND

2.    Rawhide is an owner and operator of a gold mining facility located in Mineral County, Nevada subject to Permit No. NVNV106164478 (NVN069690) (the "Facility"). The United States Department of the Interior, acting through the Bureau of Land Management (the "BLM") regulates the Facility and certain obligations of Rawhide under a related Denton-Rawhide Mine Plan of Operations (the "Mine Plan") pursuant to a statutory and regulatory framework for mining and reclamation under state and federal law, including, among others, the Surface Mining Control and

---

[2]    Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

[3]    The Argo Collateral includes liens on certain property described in the following financing statements: (a) U230084535016 filed with the California Secretary of State in respect of South Bay Capital Group, LLC, (b) U230084543325 filed with the California Secretary of State with respect to South Bay Capital Group, LLC and South Bay Capital Partners, LLC, (c) 20238134503 filed with the Delaware Secretary of State in respect of Rawhide Mining, LLC, (d) 20238137126 filed with the Delaware Secretary of State in respect of Rawhide Mining LLC and Marigold Overseas LLC, and (e) 20238135856 filed with the Delaware Secretary of State in respect of Marigold Overseas LLC. The collateral includes, without limitation, liens on Rawhide and non-Debtors in all equipment, machinery, inventory, materials, and all proceeds and products thereof in connection the Bond.

2

Reclamation Act of 1977 ("SMCRA"), federal regulations found at 43 C.F.R. 3802 and 3809, and related state laws (the "Regulations"). Argo issued the Bond in relation to Rawhide's reclamation obligations in connection with the Facility and Mine Plan under SMCRA and the Regulations.

**THE BLM'S DEMANDS TO ARGO UNDER THE BOND AND ARGO'S PREPETITION EXERCISE OF RIGHTS IN THE ARGO COLLATERAL**

3.      By letter dated September 20, 2023 (the "September 2023 Demand"), the BLM made demand upon Argo under the Bond for Rawhide's failure to comply with certain notices of non-compliance referenced in the September 23, 2023 Demand. A true and correct copy of the September 2023 Demand is attached as Exhibit 1.

4.      Following the September 2023 Demand, under a reservation of rights, Argo procured bids for the potential completion of Rawhide's obligations in connection with the Facility and the Mine Plan as part of its evaluation of its options under the Bond.

5.      The BLM granted Argo extensions of its deadline to respond to the September 2023 Demand to (i) October 23, 2023, (ii) November 10, 2023, and (ii) November 15, 2023, (the "Extensions") to allow Argo to complete its investigation and to allow Rawhide additional time to determine whether it could cure Rawhide's default under the Regulations by providing an increase in bond coverage on the facility through the posting of a cash bond in the amount of $3,412,885 ("Proposed Cash Bond") to supplement the current Bond amount.

6.      On November 15, 2023, Rawhide submitted a Proposed Cash Bond and arranged for payment and/or a wire transfer to BLM in connection with the Proposed Cash Bond. At that time, BLM advised Argo that no further action was needed from Argo in respect of the September 2023 Demand under the Bond. Thereafter, the wire transfer initiated on behalf of Rawhide was rescinded, and BLM granted Rawhide extensions of time to post the required funding for the Proposed Cash Bond to November 29, 2023. As of November 30, 2023, Rawhide had not submitted the required funds to support the Proposed Cash Bond, and accordingly, BLM made demand to Argo under the Bond by letter of the same date. A true and correct copy of BLM's November 30, 2023, demand is part of Exhibit 2.

7.    By letter dated December 12, 2023, Argo made demand upon its Indemnitors, including the Debtor, to deposit funds with Argo in the amount of not less than $6,372,608.76 which Argo would use, along with its Collateral, to discharge Argo's obligations to the BLM under the Bond as a result of Rawhide's failure to cure the defaults referenced in the BLM's September 2023 Demand and its November 30, 2023 Demand (the "Rawhide Defaults").   Rawhide did not cure the Rawhide Defaults or remit payment to Argo as demanded.

8.    As a result of BLM's demands, and the Rawhide Defaults, and pursuant to its rights under the Indemnity Agreement and related agreements, and prior to the Petition Date, Argo exercised its rights in the $8,554,957.24 in its possession and control[4] and thus as of the Petition Date, those funds were and continued to be Argo's property.

9.    The BLM indicated to Argo that it would take regulatory action against Argo if it did not remit payment to the BLM to satisfy the BLM's demands.  This action could include seeking to delist Argo as a qualified surety with the United States Treasury which would have far reaching implications to Argo.  The BLM also advised Argo that Rawhide could no longer cure the Rawhide Defaults with BLM.  Argo had no defenses to payment under the Bond, and to avoid regulatory action by the BLM against Argo and considering that the automatic stay did not extend to Argo and the BLM, as non-Debtors, Argo had no choice but to remit payment to the BLM to satisfy Argo's obligations under the Bond.

10.    Argo remitted a check made payable to the BLM in the amount of $14,927,566 on December 22, 2023 (the "Argo Remitted Funds").

**OBJECTION TO DIP MOTION AND COMMENT AND RESERVATION OF RIGHTS WITH RESPECT TO STAY RELIEF MOTION**

11.    In the DIP Motion, the Debtors seek authority to (i) obtain senior secured postpetition financing from De Jong Capital, LLC (the "DIP Lender")[5] of up to $2.5 million, (ii) grant the DIP Lender superpriority administrative claims, (iii) grant the DIP Lender first priority senior liens on the Debtors' unencumbered property; and (iv) grant the DIP Lender priming liens on its encumbered

[4] Argo had the right to use the funds at any time without notice or legal process.
[5] Upon information and belief, the DIP Lender is a potential purchaser of the Debtor.

4

property.

12.     Argo is a secured creditor of the Debtor as evidenced by its UCC financing statements referenced above.  Argo objects to any relief that purports to grant priming liens in Argo Collateral and demands adequate protection in the form of replacement liens in unencumbered property pursuant to 11 U.S.C. § 364(d)(1)(B).

13.     Further, with respect to the Argo Remitted Funds, as of the Petition Date, Argo had already exercised its rights in the Argo Remitted Funds and those funds are not property of the Debtor.  Those funds are not and could not be subject to the DIP Financing liens proposed by the DIP Motion.  Argo objects to the DIP Motion to the extent in purports to grant liens on the Argo Remitted Funds, which are not the Debtor's property to encumber.

14.     If the Debtor has the right to cure the Rawhide Defaults and preserve the Permit (which it appears has not been suspended or terminated), which ostensibly will require reinstatement of Argo's Bond, then it may be appropriate for the Court to extend the automatic stay to the BLM to preserve the Argo Remitted Funds. If the Debtor is able to cure the Rawhide Defaults and preserve the Permit, the Argo Remitted Funds (which are Argo's property) should be returned to Argo. Notably, the commitment amount under the proposed DIP Facility does NOT include any funding to cure the Rawhide Defaults.  To the extent those funds are intended to be used to cure the Rawhide Defaults, the amounts appear insufficient to do so.

15.     Argo reserves all rights, remedies and defenses under its Bond, the Indemnity Agreement, and in the Argo Collateral.  Argo further reserves the right to supplement this Comment at any time prior to and during the hearing to consider the Motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5

WHEREFORE, Argo respectfully requests that if the Court is inclined to grant the Motion, that it condition any relief to preserve and protect Argo's rights and interests in the Argo Remitted Funds, the Bond, the Indemnity Agreement and any Argo Collateral, and that it grant such other and further relief as this Court deems just and proper under the circumstances.

Dated: December 27, 2023.

**PARSONS BEHLE & LATIMER**

By: _____
Rew R. Goodenow, Esq.
50 West Liberty Street, Suite 750
Reno, NV 89501

And

Scott C. Williams (pro hac vice forthcoming)
Manier & Herod, a Tennessee professional corporation
1201 Demonbreun Street, Suite 900
Nashville, TN 37203
swilliams@manierherod.com
Tel.: (615) 742-9370
Fax: (615) 244-0030

*Attorneys for Argonaut Insurance Company*

Something

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of the law firm of Parsons Behle & Latimer and that on the 27th day of December, 2023, I filed a true and correct copy of the foregoing **NOTICE OF APPEARANCE AND REQUEST FOR SPECIAL NOTICE PURSUANT TO BANKRUPTCY RULE 2002** with the Clerk of the Court through the Court's CM/ECF system, which sent electronic notification to the following:

GABRIELLE A. HAMM on behalf of Debtor RAWHIDE MINING LLC
ghamm@nvfirm.com

BRYAN A. LINDSEY on behalf of Debtor RAWHIDE MINING LLC
blindsey@nvfirm.com

SAMUEL A. SCHWARTZ on behalf of Debtor RAWHIDE MINING LLC
saschwartz@nvfirm.com

EDWARD M. MCDONALD on behalf of U.S. Trustee U.S. TRUSTEE -LV – 11
edward.m.mcdonald@usdoj.gov

BRETT A. AXELROD on behalf of Creditor DE JONG CAPITAL LLC
baxelrod@foxrothschild.com

BRYCE SUZUKI on behalf of Creditor SILVERVIEW CREDIT PARTNERS, LP
bsuzuki@swlaw.com

STEVEN D. JEROME on behalf of Creditor SILVERVIEW CREDIT PARTNERS, LP
sjerome@swlaw.com

BLAKELEY E. GRIFFITH on behalf of Creditor SILVERVIEW CREDIT PARTNERS, LP
bgriffith@swlaw.com

*/s/ Sara Sakurada*

**Index of Exhibits**

| Exhibit No. | Description | Pages |
|---|---|---|
| 1 | September 2023 Demand Letter | 3 |
| 2 | November 30, 2023 Demand Letter | 2 |