**E-filed:  December 27, 2023**

Bryce Suzuki *(pro hac vice pending)*
(AZ Bar No. 022721)
Steven D. Jerome *(pro hac vice pending)*
(AZ Bar No. 018420)
Snell & Wilmer l.l.p.
1 East Washington Street, Suite 2700
Phoenix, AZ 85004
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
E-Mail: bsuzuki@swlaw.com
sjerome@swlaw.com

Blakeley E. Griffith (NV Bar No. 12386)
Snell & Wilmer l.l.p.
3883 Howard Hughes Parkway, Suite 100
Las Vegas, NV 89169
Telephone:     (702) 784-5200
Facsimile: (702) 784-5252
E-Mail:  bgriffith@swlaw.com

*Attorneys for Silverview Credit Partners, LP*
*as Agent for Lender Parties*

Snell & Wilmer
l.l.p.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
(702) 784-5200

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>RAWHIDE MINING LLC,<br><br>          Debtor. | Case No. 23-15619-hlb<br>Chapter 11<br><br>**DECLARATION OF BRIAN RIGERT IN SUPPORT OF PRELIMINARY OBJECTION OF AGENT TO EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS: (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION SENIOR, SECURED, SUPERPRIORITY FINANCING; (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS; (III) MODIFYING THE AUTOMATIC STAY; (IV) SCHEDULING INTERIM AND FINAL HEARINGS; AND (V) GRANTING RELATED RELIEF** |

I, BRIAN RIGERT, declare as follows:

1.      I am a founding partner of Silverview Credit Partners, LP (f/k/a Silverpeak Credit Partners, LP) ("Silverview"), the administrative agent for certain lenders under that certain *Loan and Security Agreement*, as described in more detail below, ("Agent") and party-in-interest in the

4861-3757-1737

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
(702) 784-5200

1    above-captioned Chapter 11 bankruptcy cases[1] ("Bankruptcy Case") of Rawhide Mining, LLC

2    ("Rawhide") and Rawhide Acquisition Holding, LLC ("Holding" together with Rawhide, the

3    "Debtors").

4          2.      I have personal knowledge of the foregoing and would testify thereto in open

5    Court if called as a witness.

6          3.      I make this Declaration in support of *Agent's Preliminary Objection Emergency*

7    *Motion for Interim and Final Orders: (I) Authorizing Debtors to Obtain Post-Petition Senior,*

8    *Secured, Superpriority Financing; (II) Granting Liens and Superpriority Claims; (III) Modifying*

9    *the Automatic Stay; (IV) Scheduling Interim and Final Hearings; and (V) Granting Related Relief*

10   (the "DIP Objection").

11         **A.      The Silverview Loan**

12         4.      As acknowledged by the Debtors in the Schlumberger Decl.,[2] on or about January

13   3, 2019, Rawhide, as borrower, and Holding as parent, executed a *Loan and Security Agreement*

14   in favor of Silverview Credit Opportunities AIV LP (f/k/a Silverpeak Credit Opportunities AIV

15   LP) and COEF Holdings LP (collectively, "Lenders") and Agent (collectively with the Lenders,

16   the "Lender Parties") whereby the Lender Parties agreed to provide certain extensions of credit,

17   loans, and other financial accommodations to Rawhide, in the original principal amount of

18   $18,100,000, plus all unpaid interest, fees, costs, and charges (the "Loan").  A true and correct

19   copy of the Loan and Security Agreement is attached hereto as **Exhibit 1**.

20         5.      The following summary provides an overview of the Loan Documents:

21              a.      On or about January 3, 2019, Rawhide, as "Grantor" executed that certain

22   *Deed of Trust, Leasehold Deed of Trust, Assignment of Leases and Rents, Security Agreement,*

23   *Fixture Filing and As-Extracted Collateral Filing* ("Deed of Trust") for the benefit of Silverview,

24   to secure, among other things payment of all the indebtedness and performance of the obligations

25   under the Loan Agreement.  The Deed of Trust was recorded on January 3, 2019, in the Official

26

27   [1]      On December 20, 2023, the Debtors filed a *Motion for Order Directing Joint Administration of Chapter 11 Cases* [ECF No. 3] (the "Motion for Joint Administration").
     [2]      All capitalized terms not defined herein shall have the same meanings as set forth in the DIP Objection.

28

4861-3757-1737

1  Records of Mineral County, Nevada as Instrument No. 169965.  A true and correct copy of the

2  Deed of Trust is attached hereto as **Exhibit 2**.  The Deed of Trust relates to certain real and

3  personal property described more specifically therein as the "Property" which relates to a gold

4  mine located in Hawthorne, Nevada (the "Mine").

5     b. The Loan was subsequently amended by: (i) that certain Amendment No. 1

6  to Loan and Security Agreement, dated as of October 31, 2019, (ii) that certain Amendment No. 2

7  to Loan and Security Agreement, dated as of March 12, 2021, (iii) that certain Third Amendment

8  to Loan and Security Agreement, dated as of February 20, 2023, pursuant to which the aggregate

9  original principal amount of the Loan increased to $18,450,000 and EMX USA Services Corp.

10  ("Equity Lender") made a term loan to the Debtors in the aggregate original principal amount of

11  $150,000.

12     c. As acknowledged by the Debtors, the Loan is secured by all assets of

13  Rawhide and its subsidiaries, including, but not limited to, Accounts, Chattel Paper, Commodity

14  Contracts, Deposit Accounts, Documents, Equipment, Fixtures, General Intangibles, Goods,

15  Instruments, Intellectual Property, Inventory, Investment Property, Letter of Credit Rights and

16  Supporting Obligations, Commercial Tort Claims, and the proceeds and products of the foregoing

17  along with a pledge of Holding's equity in Rawhide pursuant to that certain Pledge and Security

18  Agreement dated as of January 3, 2019. A true and correct copy of the Pledge and Security

19  Agreement is attached hereto as **Exhibit 3**.

20     d. Silverview perfected the security interest in the Collateral by, among other

21  things, recording: (i) that certain UCC Financing Statement dated as of January 7, 2019, with the

22  Delaware Department of State as Initial Filing No. 20190127899 as to Rawhide, as amended, and

23  (2) that certain UCC Financing Statement dated on or about January 7, 2019, with the Delaware

24  Department of State as Initial Filing No. 20190127733 as to Holding (as amended, continued, and

25  assigned, the "UCCs").  True and correct copies of the UCCs and amendments thereto are

26  attached hereto as **Exhibit 4**.

27    **B.** **Loan Defaults and Forbearance Agreements**

28    6. The Debtors defaulted under the Loan Documents by, among other things, failing

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
(702) 784-5200

4861-3757-1737

to make the cash payment of interest and principal due on March 15, 2022. Upon default, Silverview delivered to Debtors that certain notice of acceleration dated as of March 24, 2022 (the "Notice of Acceleration"), pursuant to which Silverview notified the Debtors that its secured obligations are immediately due and payable (including, from and after March 15, 2022, default interest pursuant to section 21.3 of the Loan Agreement) and demanded immediate payment in the amount of $15,813.577.68.

7.      As set forth above, beginning in 2022, the Debtors began having cash flow problems and could not service the Loan.

8.      On July 19, 2022, the Lender Parties and the Debtors, among others, entered into that certain Forbearance Agreement (the "2022 Forbearance Agreement") wherein the Lender Parties agreed to forbear from exercising default-related rights and remedies for a specified period of time to allow the Debtors to refinance the Loan or sell the Mine. A true and correct copy of the 2022 Forbearance Agreement is attached hereto as **Exhibit 5**.

9.      Ultimately, the forbearance period under the 2022 Forbearance Agreement expired and the Debtors were unable to obtain refinance the Loan or otherwise repay the Loan.

10.     On September 15, 2023, the Lender Parties and the Debtors, among others, entered into that certain Forbearance Agreement (the "2023 Forbearance Agreement") wherein the Lender Parties again agreed to forbear from exercising default-related rights and remedies for a specified period of time to allow the Debtors to refinance the Loan or sell the Mine. A true and correct copy of the 2023 Forbearance Agreement is attached hereto as **Exhibit 6**.

11.     As a condition of effectiveness to the 2023 Forbearance Agreement, the Debtors agreed to retain a Chief Restructuring Officer acceptable to the Lender Parties to, among other things, oversee the Debtors' business and assets and negotiate and consummate a sale of all or substantially all of the Debtors' assets on terms acceptable to the Lender Parties. *See* Exhibit 6 at ¶ 6.

12.     The Lender Parties agreed to continue to provide funding for immediate cash needs, such as to paying employees and maintaining insurance.

13.     As set forth in the 2023 Forbearance Agreement, the Debtors stipulated and agreed

4

4861-3757-1737

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
(702) 784-5200

that the Debtors were indebted to the Lender Parties in the amount of no less than $20,517,613, along with accruing interest, fees (including, without limitation, reasonable attorneys' fees), costs as of September 11, 2023. *Id.* at ¶ 3.

### C. Mining Operations Ceased, the Appointment of Chief Restructuring Officer, and Negotiations with DeJong Capital LLC

14. Upon information and belief, since approximately August 2023, the Debtor has not been conducting regular mining operation at the Mine and mining operations have essentially ceased.

15. Upon information and belief, once it was clear that the Mine had ceased operations, the Bureau of Land Management ("BLM") initiated reclamation work at the Mine.

16. Shortly after September 15, 2023, the Debtors retained Eric Camm of Turning Point Strategic Advisors to act as Chief Restructuring Officer.

17. Starting in or about September 15, 2023, Eric Camm oversaw the Debtors' business and assets and engaged in negotiations to sell substantially all of the Debtors' assets.

18. Beginning in November 2023, the Lender Parties and the Debtors have been negotiating potential out-of-court restructuring transactions with DeJong Capital LLC ("DeJong") to allow DeJong to either acquire the equity in assets of the Debtors or the equity in Rawhide.

19. Despite numerous communications with the Debtors regarding the out-of-court restructuring, the Debtors did not discuss the proposed DIP loan or the filing of the Bankruptcy Cases with the Lender Parties.

20. Additionally, at no point did the Debtors ask the Lender Parties if they would be interested in providing DIP financing.

21. Similarly, at no point did DeJong discuss the proposed DIP loan or the Bankruptcy Cases with the Lender Parties.

22. As of December 20, 2023, Debtors are indebted to the Lender Parties in the amount of no less than $19,680,043.82, along with accruing interest, fees (including, without limitation, reasonable attorneys' fees), costs, and expenses.

23. Based on the information known to the Lender Parties to date, the Lender Parties

5

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
(702) 784-5200

4861-3757-1737

believe the current value of the Collateral is less than the current amount outstanding under the Loan. Agent, on behalf of Lender Parties, disputes that the Debtors' proposal adequately protects the Lender Parties. In fact, Agent, on behalf of the Lender Parties, believes that the Lender Parties will be in a materially worse position if the relief sought in the Motion is granted.

24.     At no point during the discussions with the Debtors or DeJong did the Debtors or DeJong take the position that the value of the Collateral exceeded the amount of debt owed to the Lender Parties.

25.     During the negotiations, DeJong took the position that Lender Parties would be lucky to receive $5–10 million for the Collateral, and DeJong indicated that the maximum it would pay would be less than 50% of the face value of the Loan to the Lender Parties under any restructuring or refinancing proposal.

26.     Upon information and belief, on or about mid-December 2023, the Debtors received and are holding an insurance check from Zurich Insurance in the approximate amount of over $210,000 on account of the Debtors' business interruption claim.

27.     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED this 27th day of December 2023.

*/s/ Brian Rigert*
BRIAN RIGERT
Partner, Silverview Credit Partners, LP

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
(702) 784-5200

6

4861-3757-1737