_____
Honorable Hilary L. Barnes
United States Bankruptcy Judge

Entered on Docket
January 02, 2024

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Proposed Attorneys for the Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| In re: | Case No.: 23-15619-hlb |
|---|---|
| RAWHIDE MINING LLC, | Chapter 11 |
| Debtor. | *Proposed Joint Administration with*: In re Rawhide Acquisition Holding LLC, Case No. 23-15620-hlb |
| Affects All Debtors ☒ | |
| Affects Rawhide Mining LLC ☐ | |
| Affects Rawhide Acquisition Holding LLC ☐ | |

**ORDER APPROVING STIPULATION TO
ALLOW LIMITED USE OF CASH COLLATERAL**

1

This matter having come before the Court upon the Stipulation to Allow Limited Use of Cash Collateral (the "**Stipulation**")[1] filed by Rawhide Mining LLC ("**Rawhide**") and Rawhide Acquisition Holding LLC ("**Holding**" and, together with Rawhide, the "**Debtors**"), the debtors and debtors-in-possession in the above-captioned Chapter 11 cases, and Silverview Credit Partners, LP, the administrative agent ("**Agent**") for certain lenders under that certain *Loan and Security Agreement* (the "**Lenders**", and with Agent the "**Lender Parties**"), seeking authority for the Debtors' limited use of Cash Collateral as set forth in the Stipulation; and it appearing that the relief requested is in the best interest of Debtors' estates, their creditors, and other parties in interest; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. 157(b); and this Court having reviewed the Stipulation on an ex parte basis; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief requested therein; and after due deliberation and sufficient cause appearing;

**IT IS HEREBY ORDERED THAT:**

1. <u>Use of Cash Collateral</u>. Subject to the terms of the Stipulation and any further order of the Court, the Debtors are authorized to use cash collateral as defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**") solely to pay for the following costs and expenses (collectively, the "**Authorized Expenses**") with the Zurich Funds:

    a. Employee wages in an aggregate amount not to exceed $35,000.00;

    b. General liability insurance in an amount not to exceed $37,500.00; and

    c. Payments to NV Energy in an amount not to exceed $132,500.00.

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Stipulation.

2

2.    Interim Period.  The Debtors' limited use of Cash Collateral to pay the Authorized Expenses shall be from the date the Court enters this Order approving the Stipulation through the date and time of the Continued Hearing (the "**Interim Period**").  The Debtors will provide an update to Agent each time an Authorized Expense is paid.

3.    Adequate Protection.  The Lender Parties are entitled, under section 363(e) of the Bankruptcy Code, to adequate protection of their interest in the collateral securing the Debtors' obligations under the pre-petition loan documents (the "**Prepetition Obligations**"), including the Cash Collateral (the "**Prepetition Collateral**"), for and equal in amount to the amount of Cash Collateral used during the Interim Period, and the aggregate diminution in the value of Lender Parties' interests in the Prepetition Collateral from and after the Petition Date, including any such diminution resulting from (a) the use of Cash Collateral, (b) the sale, lease, or use by the Debtors (or other decline in value) of the Prepetition Collateral, and (c) the imposition of the automatic stay under section 362 of the Bankruptcy Code (the aggregate amount of such diminution, which shall expressly include, among other things, the aggregate amount of the Cash Collateral used by the Debtors during the Interim Period (the "**Adequate Protection Obligations**")).

4.    Adequate Protection Liens to Lender Parties.  Notwithstanding the provisions of section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by section 552(b) of the Bankruptcy Code, the Debtors grant, in favor of Agent, for itself and the Prepetition Lender Parties, and as security for all indebtedness that is owed by the Debtors to the Lender Parties, but only to the extent of the Adequate Protection Obligations, a first priority post-petition security interest and lien in, to and against all of the Debtors' assets, to the same priority, validity and extent that Lender Parties held a properly perfected pre-petition security interest in such assets, which are or have been acquired, generated or received by the Debtors subsequent to the Petition Date, as well as in all presently owned and hereafter acquired property which is not subject to a prior perfected and enforceable pre-petition lien or security interest, but excluding any claims or recoveries (the "**Avoidance Recoveries**") by or on behalf of the Debtors, their estates or any trustee appointed herein arising under sections 544 through 550, inclusive, of the Bankruptcy Code

(collectively, the "**Postpetition Collateral**", the Prepetition Collateral and the Postpetition Collateral are collectively referred to as the "**Collateral**").

5.     Perfection.  The liens and security interests granted in the Stipulation (the "**Adequate Protection Liens**") are deemed perfected without the necessity for filing or execution of documents which might otherwise be required under non-bankruptcy law for the perfection of said security interests.  Notwithstanding, Agent is hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or take any other action in order to validate and perfect the liens granted to it hereunder.  The Debtors shall execute and deliver to Agent all such agreements, financing statements, instruments, and other documents as Agent may reasonably request to evidence, confirm, validate, or perfect the liens granted pursuant hereto (other than mortgages) and all such financing statements, control agreements, notices of liens, or other similar instruments and documents shall be deemed to have been executed, filed and/or recorded at the time and on the date of the Petition Date.  A certified copy of this Order approving the Stipulation may, in the discretion of Agent, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments.  Each and every federal, state, and local government agency or department may accept the entry by this Court of this Order approving the Stipulation as evidence of the validity, enforceability, and perfection on the Petition Date of the Adequate Protection Liens granted herein to or for the benefit of Lender Parties.  The Debtors shall not sell, transfer, lease, encumber, or otherwise dispose of any portion of the Collateral without the prior written consent of Agent (and no such consent shall be implied from any other action, inaction, or acquiescence by the Lender Parties) or an order of the Court.

6.     Superpriority Claim.  Lender Parties are hereby granted an allowed, superpriority administrative expense claim (the "**Superpriority Claim**") under section 507(b) of the Bankruptcy Code with respect to the Adequate Protection Obligations.  The Superpriority Claim shall have priority over all administrative expenses of the kind specified in, or ordered pursuant to, any provision of the Bankruptcy Code, including, without limitation, those specified in, or ordered pursuant to, sections 326, 328, 330, 503(b), 506(c), 507(a), 507(b), 546(c), 726, and 1114 of the

Bankruptcy Code, or otherwise (whether incurred in any of the Chapter 11 Cases or any conversion thereof to a case under chapter 7 of the Bankruptcy Code or any other proceeding related hereto or thereto), except statutory fees prescribed by 28 U.S.C. Section 1930, clerk of the Court fees and postpetition ad valorem taxes which are to be paid in the ordinary course, which Superpriority Claim shall be payable from and have recourse to all prepetition and postpetition property of the Debtor and all proceeds thereof, (including the Avoidance Recoveries).

7.  <u>No Novation</u>. Neither the Stipulation nor this Order approving the same shall not cause a novation of any of Lender Parties' secured documentation or pre-petition loan documents.

8.  <u>Creditor Not Deemed Owner or Operator</u>. Solely by agreeing to the use of Cash Collateral by the Debtors during the Interim Period in accordance with the Stipulation, Lender Parties shall not be deemed to have assumed any liability to any third person, and shall not be deemed to be in control of the operations of the Debtors or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtors or of their assets.

9.  <u>Non-Waiver of Rights and Remedies</u>.

    a.  The Stipulation is not intended to and shall not prejudice, alter, affect or waive any rights of the Debtors and Lender Parties, respectively, with respect to the extent of any diminution in value of the Lender Parties' interests in the Zurich Funds and other Collateral.

    b.  The Stipulation and Order approving the same shall constitute valid and binding obligations of the Debtors and Lender Parties, enforceable against the Debtors and Lender Parties in accordance with their terms. No obligation, payment, transfer, or grant of security under the Stipulation shall be stayed, restrained, voidable, or recoverable under the Bankruptcy Code or any applicable non-bankruptcy law, or subject to any defense, reduction, setoff, recoupment, or counterclaim.

    c.  The failure or delay by Lender Parties to exercise their rights and remedies under the Stipulation shall not constitute a waiver of any of the rights of Lender Parties hereunder or otherwise, and any single or partial exercise of such rights and remedies against any of the Debtors or the Collateral shall not be construed to limit any further exercise of such rights and remedies against any or all of the other Debtors and/or Collateral.

d. The provisions of the Stipulation shall be binding upon and inure to the benefit of each of the Lender Parties, the Debtors and their respective successors and assigns (including any estate representative, chapter 7 trustee, or other trustee or fiduciary hereafter appointed as a legal representative of the Debtors or with respect to the property of the estates of the Debtors).

**IT IS SO ORERED.**

Respectfully submitted:

| | |
|---|---|
| **SCHWARTZ LAW, PLLC** | **SNELL & WILMER L.L.P.** |
| By: */s/ Samuel A. Schwartz*<br>Samuel A. Schwartz, Esq.<br>Gabrielle A. Hamm, Esq.<br>601 East Bridger Avenue<br>Las Vegas, NV 89101 | By: By*: /s/ Bryce Suzuki*_____<br>Bryce Suzuki, Esq.<br>Steven D. Jerome, Esq.<br>1 East Washington Street, Suite 2700<br>Phoenix, AZ 85004 |
| *Proposed Attorneys for the Debtors* | -and-<br><br>SNELL & WILMER L.L.P.<br><br>*/s/ Blakeley E. Griffith*_____<br>Blakeley E. Griffith, Esq.<br>3883 Howard Hughes Parkway, Suite 100<br>Las Vegas, NV 89169<br><br>***Attorneys for Silverview Credit Partners, LP***, in its capacity as Agent for Lender Parties |